[L. A. No. 27834.   In Bank.   July 9, 1964.]

GRACE FISHER GINNS, Plaintiff and Appellant, v. W. A. SAVAGE, as Real Estate Commissioner, Defendant and Respondent.

D. Brandon Bernstein for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and Lynn H. Johnson, Deputy Attorney General, for Defendant and Respondent.

SCHAUER, J.—In this mandamus proceeding plaintiff seeks annulment of an order of defendant Real Estate Commissioner of the State of California revoking plaintiff's license as a real estate broker. As will appear we have concluded that the trial court erred in sustaining defendant's

demurrer without leave to amend, and that the ensuing judgment of dismissal should be reversed.

Plaintiff filed an original, and also an "Amended and Supplemental," petition for the writ. Therein she alleges: Since 1944 she "has been engaged in the City and County of Los Angeles ... as a Real Estate Broker." On August 24, 1961, defendant commissioner, following written accusation, notice and hearing, rendered a decision revoking plaintiff's plenary license as a broker and placing her on a restricted license with a provision that she should serve a 180-day period of suspension. This decision was ordered to become effective as of September 14, 1961. On September 8, 1961, the commissioner issued a *nunc pro tunc* order correcting a clerical error in the decision. On September 11, 1961, at plaintiff's request the commissioner issued an order staying the effective date of the decision until October 2, 1961. On September 25, 1961, the commissioner disposed of plaintiff's application for reconsideration of his decision by inserting a proviso into such decision. The proviso stated that if plaintiff rendered an accounting to certain persons she could then obtain a restricted license. The proviso made no reference to service of a period of suspension. The September 25 decision was also ordered to become effective as of October 2, 1961. In a letter dated October 31, 1961, plaintiff requested further reconsideration of the commissioner's decision. The request was denied on the stated ground that reconsideration having been granted once, the commissioner had no jurisdiction to grant further reconsideration.

On November 2, 1961, plaintiff acting in propria persona, served her original petition for writ of mandate upon the commissioner and, on November 3, 1961, filed such original petition in the trial court. Thereafter she secured an attorney and on January 31, 1962, through such counsel filed her "Amended and Supplemental Petition" for the writ.

Meantime, on November 8, 1961, the commissioner issued an order finding that plaintiff had rendered the accounting mentioned in the September 25 decision; and that upon application she could be granted a restricted license, upon condition that she serve a 180-day period of suspension. On November 21, 1961, the commissioner issued a *nunc pro tunc* order finding that the 180-day suspension provision had been included in the November 8 order by mistake and inadvertence, and directing that the suspension provision be deleted *nunc pro tunc* from the November 8 order.

On February 27, 1962, the commissioner filed his demurrer to "Petition, and Amended Petition" for the writ, stating as the ground that the court "does not have jurisdiction of the subject matter of the action in that" the petition was not filed "within the time limits prescribed by Government Code section 11523." Section 11523 specifies that judicial review of the commissioner's decision may be had by filing a petition for a writ of mandate "within 30 days after the last day on which reconsideration can be ordered."

On March 20, 1962, the commissioner filed his return by way of answer to the petition and amended petition, in which among other things he again set up alleged failure to file the petition within the time limits provided in Government Code section 11523. More specifically he alleged that the last day on which he could order reconsideration of his decision was October 2, 1961, and that inasmuch as November 3, 1961, on which date plaintiff filed this mandate proceeding, was more than 30 days thereafter, the proceeding was barred.

On April 3, 1962, plaintiff filed her "Reply to Return" (see *Scott* v. *Superior Court* (1928) 205 Cal. 525, 527 [1] [271 P. 906]), in which by way of excuse for her failure to file her petition before November 3, 1961, she alleges: In October 1961 she had several conversations with an attorney representing the commissioner, with reference to the time within which to serve and file her petition for mandate. Such attorney had also represented the commissioner at the administrative hearing, at which plaintiff had appeared in propria persona. The attorney stated to her that he had "figured out the time within which she had to file her Petition; [and] he stated that the last day to serve and file the Petition was November 3, 1961." Plaintiff relied on such statement. On November 1, 1961, she mailed the original petition to the commissioner in care of the attorney, "as suggested by him." On November 2, 1961, upon the advice of the attorney plaintiff sent a messenger to pick up the original petition "and did proceed to file same with the Clerk of Court, but due to the lateness of the hour and due to the fact that the County Clerk's office was closed, she did not file the said Petition until November 3, 1961, with the said County Clerk."

On April 27, 1962, defendant commissioner's demurrer came on for hearing. The record of the hearing shows that the court heard and considered, without objection by defendant, argument as to whether the above related allegations in

plaintiff's "Reply to Return" were, if and when proved, sufficient to excuse the late filing of her petition. Defendant argued that the time limits of Government Code section 11523 are "jurisdictional," and that he could neither waive nor by his conduct be estopped to rely upon them.[1] The trial court agreed with this view, sustained the demurrer without leave to amend, and rendered judgment of dismissal. This appeal by plaintiff followed.

■ The law is settled, and clear, that the statutory periods within which mandamus petitions may be filed are *not* jurisdictional in nature, as are the periods within which appeals may be taken from lower courts (see *Estate of Hanley* (1943) 23 Cal.2d 120, 122 [3] [142 P.2d 423, 149 A.L.R. 1250]), but are mere statutes of limitation. (*Hollywood Turf Club* v. *Daugherty* (1950) 36 Cal.2d 352, 356 [1] [224 P.2d 359]; *Barlow* v. *City Council of Inglewood* (1948) 32 Cal. 2d 688, 697 [4] [197 P.2d 721]; *W. R. Grace & Co.* v. *California Emp. Com.* (1944) 24 Cal.2d 720, 728-729 [6-7] [151 P.2d 215]; *Dillon* v. *Board of Pension Comrs.* (1941) 18 Cal.2d 427, 429-430 [1] [116 P.2d 37, 136 A.L.R. 800]; *Hermanson* v. *Board of Pension Comrs.* (1933) 219 Cal. 622, 624-625 [2-3] [28 P.2d 21] and cases there cited: *Crow* v. *City of Lynwood* (1959) 169 Cal.App.2d 461, 467 [3] [337 P.2d 919]; see also *Hollywood Circle, Inc.* v. *Department of Alcoholic Beverage Control* (1961) 55 Cal.2d 728, 731 [2] [13 Cal. Rptr. 104, 361 P.2d 712]; *Moran* v. *Board of Medical Examiners* (1948) 32 Cal.2d 301, 303-307 [1-2] [196 P.2d 20].)[2]

■ Rules of law relating to limitations of actions are applicable to mandamus proceedings. (*Hollywood Turf Club* v. *Daugherty* (1950) *supra,* 36 Cal.2d 352, 356 [1].)

■ Where delay in commencing action is induced by conduct of the defendant it cannot be availed of by him as a defense (*Adams* v. *California Mut. B. & L. Assn.* (1941) 18 Cal.2d 487, 489 [1, 2] [116 P.2d 75]), even though there was

---

[1]Counsel for defendant also stated in argument that the attorney mentioned by plaintiff denied making any statements to her that she had until November 3 to file her petition for mandate.

[2]*Eichman* v. *Escondido Union High School Dist.* (1964) *ante,* pp. 100, 102 [37 Cal.Rptr. 199, 389 P.2d 727], relied upon by defendant, does not hold to the contrary. The court was not there concerned with distinctions between limitations statutes and jurisdictional periods. Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered. (*McDowell & Craig* v. *City of Santa Fe Springs* (1960) 54 Cal.2d 33, 38 [4-5] [4 Cal.Rptr. 176, 351 P.2d 344] and cases there cited.)

no designed fraud on the part of the person sought to be estopped. (*Benner* v. *Industrial Acc. Com.* (1945) 26 Cal.2d 346, 349 [159 P.2d 24].) ■ Here plaintiff, a real estate broker licensed and supervised by defendant commissioner, alleges that it was in reliance upon representations made to her by his attorney that she delayed until November 3, 1961, the filing of her mandamus petition. It thus appears that she at least undertook to set up facts which would estop the commissioner from relying upon the statutory limitation period. Although they are perhaps ineptly and incompletely alleged, the demurrer should not have been sustained without leave to amend, thereby depriving plaintiff of opportunity to plead her case more fully and specifically if she be so advised.

■ Plaintiff argues also that the order of September 25, 1961, designating October 2, 1961, as its effective date, was not a *final* order, because it provided that if plaintiff thereafter fulfilled certain conditions she would be entitled to apply for and receive a restricted license. This contention is without merit.

Even if plaintiff thereafter should claim to have fulfilled such conditions, and if new hearings were required in order to determine the accuracy of the claim, nevertheless such proceedings would be merely incidental to enforcement of the subject order and would not detract from its finality. The order of November 8, 1961, corrected by that of November 21, 1961, establishing that plaintiff had met the specified conditions, was such an incidental order, and did not operate to extend the time within which plaintiff could file her mandamus petition attacking the final order itself.

■ Plaintiff further contends that she was entitled to seek reconsideration of the order of September 25, 1961, which was issued on the first reconsideration, and that therefore the date of October 2, 1961, should not govern. This argument is likewise without merit. Regardless of other considerations, the commissioner's power to order reconsideration expired on October 2, 1961, the date he set as the effective date of his decision. (Gov. Code, § 11521;[3] see also *Moran* v.

---

[3] Section 11521 provides that "power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent [plaintiff herein], or on the date set by the agency itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period. . . ." Plaintiff alleges that she received the decision "on or about August 25, 1961."

*Board of Medical Examiners* (1948) *supra*, 32 Cal.2d 301, 304.)

For the reasons above stated the judgment of dismissal is reversed, with directions that plaintiff be granted a reasonable time to further amend her petition for the writ if she be so advised.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.