[Civ. No. 23279. Third Dist. Oct. 18, 1984.]

JIM RICHARD SINETOS, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

**COUNSEL**

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, and Faith J. Geoghegan, Deputy Attorney General, for Defendant and Appellant.

Waits, Britt & Wallace and Scott J. Wallace for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—In this appeal we hold that judicial review of an administrative decision of the Department of Motor Vehicles (DMV) is foreclosed by plaintiff's failure to file his petition for administrative mandamus within the time provided by statute. Accordingly, we shall reverse the judgment of the superior court granting plaintiff relief and order the petition dismissed.

Following administrative hearings the DMV ordered plaintiff Jim Sinetos to surrender his class 1 driver's license because he no longer met the necessary physical requirements. (Veh. Code, § 12813.) A class 1 license permits the holder to operate any combination of vehicles. By letter dated December 1, 1982, DMV notified plaintiff of its decision to restrict his driver's license effective December 5, 1982. The letter also advised plaintiff that he qualified only for a class 3 license, the standard operator's license, or a class 4 license, which authorizes operation of two-wheeled vehicles.[1] As required by statute, the letter informed plaintiff of his right to commence proceedings for judicial review within 90 days "from the date such order is noticed." (Veh. Code, § 14401, subd. (a).)[2]

---

[1]Insofar as applicable, Vehicle Code section 12804 provides: "(b) In accordance with the following classifications, any applicant for a driver's license shall be required to submit to an examination appropriate to the type of motor vehicle or combination of vehicles the applicant desires a license to drive:

"(1) Class 1. Any combination of vehicles and includes the operation of all vehicles under class 2 and class 3.

"(2) Class 2. Any bus, any single vehicle with three or more axles, any such vehicles towing another vehicle weighing less than 6,000 pounds gross, and all vehicles covered under class 3.

"(3) Class 3. A three-axle housecar, any three-axle vehicle weighing less than 6,000 pounds gross, any two-axle vehicle, any three-axle housecar or vehicle towing another vehicle weighing less than 6,000 pounds gross, including when a tow dolly is used between the towing vehicle and a towed motor vehicle, and any two-axle vehicle weighing 4,000 pounds or more unladen when towing either a trailer coach not exceeding 9,000 pounds gross or a trailer or semitrailer not exceeding 9,000 pounds gross designed and used exclusively for hauling livestock, or a trailer not exceeding 9,000 pounds gross used to transport agricultural products from a farm to a processing or handling point, or a trailer transporting a boat not exceeding 9,000 pounds gross, when the hauling of livestock or agricultural products or the towing of boats is not for compensation, or any schoolbus, school pupil activity bus, youth bus or farm labor vehicle, as specified in paragraph (1) of subdivision (d), except any other bus, two-wheel motorcycle, or two-wheel motor-driven cycle.

"(4) Class 4. Any two-wheel motorcycle, any two-wheel motor-driven cycle, or any motorized bicycle. Authority to operate vehicles included in a class 4 license may be granted by endorsement on a class 1, 2, or 3 license upon completion of appropriate examination."

[2]Vehicle Code section 14401 provides: "(a) Any action brought in a court of competent jurisdiction to review any order of the department refusing, canceling, suspending, or revoking the privilege of a person to operate a motor vehicle shall be commenced within 90 days from the date such order is noticed.

"(b) Upon final completion of all administrative appeals, the person whose driving privilege was refused, canceled, suspended, or revoked shall be given written notice by the department of his right to a review by a court pursuant to subdivision (a)."

Approximately 40 days after notification of DMV's order, plaintiff requested a copy of the administrative record. On February 4, 1983, DMV requested that plaintiff remit the cost of the transcript. He responded immediately by sending DMV a check. On February 18, 1983, plaintiff wrote DMV inquiring as to the whereabouts of the transcript and exhibits. On March 7, 1983, at DMV's request, plaintiff sent another check to cover the cost of the exhibits. On March 9, 1983, approximately 60 days after he requested it, plaintiff received the record. Thirty days later, on April 8, 1983, more than a month beyond the expiration of ninety days from the date the order was noticed, plaintiff filed a petition for writ of mandamus in the superior court. (Code Civ. Proc., § 1094.5.)

DMV moved to dismiss the mandamus proceeding on the ground it was barred by the statute of limitations stated in Vehicle Code section 14401, subdivision (a). (See fn. 2, *ante.*) Plaintiff resisted the motion, arguing the court should extend the filing period since plaintiff had made a reasonable effort to comply with the statutory limitation, and the delay in filing was induced by DMV's failure promptly to provide copies of the record, thus estopping DMV from raising the bar of limitations.

The trial court denied DMV's motion to dismiss. After a hearing on the merits, the court issued a peremptory writ of mandamus ordering DMV to reinstate plaintiff's class 1 license.

■ The time period within which a mandamus petition must be filed is a statute of limitations and the rules of law regarding limitations of actions are applicable to mandamus proceedings. (*Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524 [39 Cal.Rptr. 377, 393 P.2d 689]; *Kupka* v. *Board of Administration* (1981) 122 Cal.App.3d 791, 794 [176 Cal.Rptr. 214].) As with any other cause of action, a proceeding for writ of mandamus is barred if not commenced within the prescribed limitation period. (*Kupka, supra,* at p. 794; *Valvo* v. *University of Southern California* (1977) 67 Cal.App.3d 887, 894 [136 Cal.Rptr. 865].)

■ Statutes of limitation "are, of necessity, adamant rather than flexible in nature" and are "upheld and enforced regardless of personal hardship." (*Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 91 [31 Cal.Rptr. 524], quoting *Fidelity & Deposit Co.* v. *Claude Fisher Co.* (1958) 161 Cal.App.2d 431, 437 [327 P.2d 78].) "When the Legislature has decided to introduce an element of flexibility in a particular instance, it has expressly provided for extension of the limitation period . . . . [Citation.] In the absence of such a specific provision for extension, it must be inferred the Legislature did not intend to permit relief on grounds of

good cause . . . . [Citation.]" (*Kupka* v. *Board of Education, supra,* 122 Cal.App.3d at p. 795.)

An example of a specific provision for an extension of time to file a petition is found in the statute which sets forth the procedure for judicial review of a local agency decision. Code of Civil Procedure section 1094.6, subdivision (b), provides that a petition for writ of mandate shall be filed not later than the 90th day following the date on which the decision becomes final. Subdivision (c) of section 1094.6 requires that the complete record of proceedings shall be prepared by the agency and delivered to the petitioner within 90 days after he has filed a written request therefor. However, "If the petitioner files a request for the record specified in subdivision (c) *within 10 days after the date the decision becomes final* as provided in subdivision (b), the time within which a petition pursuant to Section 1094.5 may be filed shall be extended to not later than the 30th day following the date on which the record is either personally delivered or mailed to the petitioner or his attorney of record, . . ." (Code Civ. Proc., § 1094.6, subd. (d), italics added.) A similar provision appears in Government Code section 11523, which governs the procedure for judicial review of administrative decisions subject to the Administrative Procedure Act. (Gov. Code, § 11500 et seq.) "Where petitioner, *within 10 days after the last day on which reconsideration can be ordered,* requests the agency to prepare all or any part of the record the time within which a petition may be filed shall be extended until 30 days after its delivery to him." (Gov. Code, § 11523, italics added.)

▋ Vehicle Code section 14401 makes no provision for extension of time in which to petition for judicial review. It states simply that a proceeding for judicial review shall be commenced within 90 days from the date the order is noticed. Quite obviously, the Legislature knows how to draft a statute authorizing an extension of time to file a petition in order to accommodate delay in the preparation of the administrative record. The Legislature chose not to provide for an extension of time in the statute now before us and we decline to import into the statute that which we must assume was purposely omitted. Moreover, even if we were judicially to engraft on Vehicle Code section 14401 time extension provisions such as are found in Code of Civil Procedure section 1094.6 and Government Code section 11523, it would avail plaintiff nothing because his request of DMV to prepare the record was not timely so as to entitle him to an extension under those statutes (cf. *Liberty* v. *California Coastal Com.* (1980) 113 Cal.App.3d 491, 496-498 [170 Cal.Rptr. 247]).

Plaintiff offers no reason why a petition for mandamus could not have been prepared and filed without access to the record. Indeed, it is often the case that a petition for administrative mandamus is filed before the record

is available. (Cal. Administrative Mandamus (Cont.Ed.Bar 1966) § 9.28, p. 151.) Any defects in the petition are of course subject to cure by amendment. (See *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 601-602 [15 Cal.Rptr. 817, 364 P.2d 681].)

We reject plaintiff's contention that DMV is estopped from raising the statute of limitations. When delay in commencing an action is induced by the defendant's conduct, the defendant will not be permitted to invoke the statute of limitations as a defense. (*Ginns* v. *Savage, supra,* 61 Cal.2d at p. 524-525.) Whether a government agency's action is sufficiently culpable to estop it from asserting a statute of limitations is dependent upon whether the agency acted in an unconscionable manner or set out to take unfair advantage of the plaintiff in advising him of his rights. (*Fredrichsen* v. *City of Lakewood* (1971) 6 Cal.3d 353, 357-358 [99 Cal.Rptr. 13, 491 P.2d 805].) A plaintiff's mistake, not caused by the defendant, has never been permitted to excuse a late filing. (*Kupka* v. *Board of Administration, supra,* 122 Cal.App.3d at pp. 795-796.)

The claim of estoppel is factually unsupported. Plaintiff has not shown that DMV misled him into believing the record would be delivered within a specific time or that any extension of the filing date would be granted due to delay in delivering the record. Moreover, there is nothing in the record before us to indicate plaintiff's delay in filing his petition was caused by representations made, or advice given, by DMV. Therefore DMV is not estopped to raise the statute of limitations as an affirmative defense. (See *Fredrichsen* v. *City of Lakewood, supra,* 6 Cal.3d 353; *Crumpler* v. *Board of Administration* (1973) 32 Cal.App.3d 567, 581 [108 Cal.Rptr. 293].)

The judgment of the superior court is reversed and the cause remanded with directions to dismiss the petition for writ of mandamus.

Sparks, J., and Mering, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 12, 1984.

---

*Assigned by the Chairperson of the Judicial Council.