[Nos. C006342, C007094, C007381. Third Dist. June 25, 1991.]

CALIFORNIA STANDARDBRED SIRES STAKES COMMITTEE, INC., Plaintiff and Respondent, v.
CALIFORNIA HORSE RACING BOARD, Defendant and Appellant.

752

COUNSEL

Olson, Connelly, Hagel, Fong & Leidigh, Lance H. Olson, LeRoy Y. Fong, Robert E. Leidigh and George Waters for Defendant and Appellant.

Franchetti & Franchetti, Tiffany Franchetti and Michael Franchetti for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—In this appeal we shall hold judicial review of a decision of the California Horse Racing Board (Board) to issue a license is barred by the failure of plaintiff, California Standardbred Sires Stakes Committee, Inc., to file its petition for writ of mandamus in the superior court within the 30-day period provided by statute. We shall therefore reverse the judgment of the superior court granting plaintiff relief and direct that court to deny the petition. Because the proceeding is barred by the statute of limitations, we shall also reverse the superior court's order awarding plaintiff attorney's fees.

Plaintiff, California Standardbred Sires Stakes Committee, Inc., was created to administer the California Standardbred Sires Stakes Program, a purpose of which is to promote the breeding of standardbred horses in California (see Bus. & Prof. Code, § 19619). Plaintiff's sole source of funding is from the breakage and licensing fees generated by harness meets. (See Bus. & Prof. Code, §§ 19491.7, 19619, subd. (f).) The longer a meet, the greater the amount of funds received by plaintiff.

The Board issued a license to Hollywood Park Operating Company (Hollywood Park) to stage a 17-week harness racing meet. Plaintiff had sought a 22-week meet. Claiming the Board's decision authorizing the shorter meet was detrimental to plaintiff and the California harness racing industry, plaintiff petitioned the superior court for a writ of mandamus to review the Board's decision. The petition named Hollywood Park as real party in interest. The petition alleges the Board's decision was an abuse of discretion and not supported by substantial evidence; it further alleges that certain members of the Board who participated in the decision had a conflict of interest as defined in the Political Reform Act (Gov. Code, § 81000 et seq.) and were disqualified from voting on Hollywood Park's license application.

The Board rendered its licensing decision on October 28, 1988. Plaintiff filed its mandamus petition 49 days thereafter on December 16, 1988.

Business and Professions Code section 19463 provides: "The action of the board in suspending or revoking a license issued under this chapter is final, except that the propriety of the action of suspending or revoking a license or of any other final administrative action of the board is subject to review by any court of competent jurisdiction if the action is commenced in the court within 30 days of the board's action. The action of the board shall stand unless and until reversed by a court. No action may be commenced in a court to attack, review, set aside, void, or annul any final action of the board unless it is commenced within 30 days of the board's action."

The Board demurred to plaintiff's petition on the ground it was barred by the 30-day statute of limitations set forth in Business and Professions Code section 19463. In opposition to the demurrer, plaintiff argued the period of limitations was equitably tolled because plaintiff did not receive a copy of the administrative record until 32 days after the October 28th decision of the Board. Plaintiff also claimed the Board was estopped from raising the bar of limitations because of certain representations its executive secretary ostensibly made to plaintiff regarding the Board's policy of extending the limitations period where a timely request is made for the administrative record. The trial court overruled the demurrer, ruling plaintiff had "sufficiently [pleaded] facts which, if true, would support a cause of action."

In its answer and points and authorities in opposition to the petition, the Board again raised the issue of the statute of limitations. Following a hearing on the merits the trial court issued its statement of decision, ruling that the period of limitations was equitably tolled and also that the Board was estopped to raise the bar of limitations. Finally, although the court determined there was no abuse of discretion in the Board's decision to award Hollywood Park a 17-week harness racing license, the court found certain members of the Board had a conflict of interest and were disqualified from voting on Hollywood Park's application. The court issued a writ of mandamus commanding the Board to hold a new hearing on the licensing application without participation of the disqualified Board members.[1]

Thereafter the trial court took up plaintiff's request for attorney's fees sought pursuant to the private attorney general doctrine. (Code Civ. Proc.,

---

[1]The trial court also ruled the proceeding is one in ordinary mandamus under Code of Civil Procedure section 1085 because there is no statutory requirement the Board conduct a hearing to consider a racing-meet license. (See Code Civ. Proc., § 1094.5, subd. (a).) The Board does not contest this ruling.

§ 1021.5.) The trial court awarded plaintiff $201,480 in attorney's fees, and directed this amount be paid in equal parts by the Board and Hollywood Park.

The Board appeals from the judgment granting the peremptory writ of mandamus and separately appeals from the order awarding plaintiff attorney's fees.[2]

## I

█ In its appeal from the judgment, the Board reasserts its claim plaintiff's action is barred by the statute of limitations set forth in Business and Professions Code section 19463.

█ "The time period within which a mandamus petition must be filed is a statute of limitations and the rules of law regarding limitations of actions are applicable to mandamus proceedings. (*Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524 [39 Cal.Rptr. 377, 393 P.2d 689]; *Kupka* v. *Board of Administration* (1981) 112 Cal.App.3d 791, 794 [176 Cal.Rptr. 214].) As with any other cause of action, a proceeding for writ of mandamus is barred if not commenced within the prescribed limitation period. (*Kupka, supra,* at p. 794; *Valvo* v. *University of Southern California* (1977) 67 Cal.App.3d 887, 894 [136 Cal.Rptr. 865].) █ [¶] Statutes of limitation 'are, of necessity, adamant rather than flexible in nature' and are 'upheld and enforced regardless of personal hardship.' (*Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 91 [31 Cal.Rptr. 524], quoting *Fidelity & Deposit Co.* v. *Claude Fisher Co.* (1958) 161 Cal.App.2d 431, 437 [327 P.2d 78].) 'When the Legislature has decided to introduce an element of flexibility in a particular instance, it has expressly provided for extension of the limitation period . . . [Citation.] In the absence of such a specific provision for extension, it must be inferred the Legislature did not intend to permit relief on grounds of good cause . . . . [Citation.]' (*Kupka* v. *Board of Administration, supra,* 122 Cal.App.3d at p. 795.)" (*Sinetos* v. *Department of Motor Vehicles* (1984) 160 Cal.App.3d 1172, 1175-1176 [207 Cal.Rptr. 207].)

█ The applicable statute of limitations provides a 30-day period within which to challenge actions of the Board. Plaintiff did not file its petition until 49 days following the decision by the Board to grant an operating license to Hollywood Park. The statute contains no provision for

---

[2]The Board's appeal from the judgment is No. C006342. The Board's separate appeal from the order awarding attorney's fees is No. C007094. Pursuant to the Board's motion, we have consolidated these two appeals. Hollywood Park appealed from the order awarding attorney's fees but at its request the appeal has been dismissed.

an extension of the limitations period where the administrative record has been requested and is being prepared.

*Sinetos* v. *Department of Motor Vehicles, supra,* 160 Cal.App.3d 1172 is on point. *Sinetos* involved Vehicle Code section 14401, which provided a 90-day limitations period within which to seek review of a decision by the Department of Motor Vehicles placing restrictions on plaintiff's driver's license. Plaintiff did not file his petition until after the 90-day period had expired. We held the mandamus proceeding was barred by the statute of limitations. (At pp. 1175-1176.)

The plaintiff in *Sinetos* argued the limitations period should be extended during the time the administrative record was being prepared. We rejected that argument, distinguishing Vehicle Code section 14401 from Code of Civil Procedure section 1094.6, which expressly enlarges the time to file a writ petition where a timely request is made for preparation of the administrative record: "Vehicle Code section 14401 makes no provision for extension of time in which to petition for judicial review. It states simply that a proceeding for judicial review shall be commenced within 90 days from the date the order is noticed. Quite obviously, the Legislature knows how to draft a statute authorizing an extension of time to file a petition in order to accommodate delay in the preparation of the administrative record. The Legislature chose not to provide for an extension of time in the statute now before us and we decline to import into the statute that which we must assume was purposefully omitted." (160 Cal.App.3d at p. 1176.)

Like Vehicle Code section 14401, Business and Professions Code section 19463 contains no exceptions, providing that "[n]o action may be commenced . . . to attack, review, set aside, void or anull any final action of the board unless it is commenced within 30 days of the board's action." This unqualified language makes obvious the Legislature's intention to limit the time to seek review to a 30-day period.

We note the Administrative Procedure Act (APA) (Gov. Code, § 11500 et seq.) is applicable according to its terms to proceedings by the Board. (Gov. Code, § 11501.) Government Code section 11501, subdivision (a), provides however: "This chapter applies to any agency *as determined by the statutes relating to that agency.*" (Italics added.) Government Code section 11523, also a part of the APA, provides in relevant part: "Judicial review may be had by filing a petition for writ of mandate in accordance with the provisions of the Code of Civil Procedure, *subject, however, to the statutes relating to the particular agency.* Except as otherwise provided in this section any such petition shall be filed within 30 days after the last day on which

reconsideration can be ordered . . . . Where petitioner, within 10 days after the last day on which reconsideration can be ordered, requests the agency to prepare all or any part of the record the time within which a petition may be filed shall be extended until 30 days after its delivery to him or her." (Italics added.)

The question arises whether Government Code section 11523 allows an extension of time within which to file a petition because, it is asserted, a timely request had been made to the Board for preparation of the administrative record. However, we reject that argument because the provisions of the Business and Professions Code governing issuance of licenses by the Board make no reference to the APA. "By contrast Business and Professions Code section 19461, which authorizes the Board to suspend or revoke the various licenses (jockeys, trainers, and owners, etc.) over which it has jurisdiction, specifically provides that proceedings to *revoke* a license shall be conducted in accordance with the APA. From this it can be inferred that license *suspensions* are not governed by the APA. In thus distinguishing between two types of proceedings within a single statute, the Legislature has demonstrated that where it intends the APA to apply, it clearly says so. Conversely, a failure to so state can only be interpreted as indicating the inapplicability of the APA. [¶] The provisions of the Business and Professions Code dealing with the Board's activities do not contain a blanket adoption of the APA." (Italics in original; *Aroney* v. *California Horse Racing Bd.* (1983) 145 Cal.App.3d 928, 931-932 [193 Cal.Rptr. 708], fn. omitted.)

"The APA covers a multitude of areas some of which under some circumstances, govern the conduct of a particular agency while at the same time other provisions of the APA may be inapplicable." (145 Cal.App.3d at p. 932, fn. 4; see Cal. Administrative Mandamus (Cont.Ed.Bar 1989) § 7.3, p. 240.) This is particularly evident with regard to those provisions governing the Board's issuance of a license. The Board asserts, and plaintiff does not contest, that proceedings with respect to the issuance of licenses are not conducted in accordance with any of the APA's procedural rules governing agency action. Thus, license issuance proceedings are not conducted by a hearing officer (Gov. Code, § 11502) and do not begin with a statement of issues (Gov. Code, § 11504); there is no respondent (Gov. Code, § 11505); there is no discovery (Gov. Code, § 11507.5); no subpoenas are issued (Gov. Code, § 11510); evidence is not taken under oath (Gov. Code, § 11513, subd. a)); and there is no cross-examination of witnesses (Gov. Code, § 11513, subd. (b)).

The Legislature's omission to provide that issuance of a license by the Board is subject to the APA, coupled with the irrelevance of the APA to

license issuance proceedings, compels us to conclude the APA generally, and Government Code section 11523 specifically, are of no benefit to plaintiff. Plaintiff's remedy is governed by Business and Professions Code section 19463, which as we have noted does not allow for an extension of the time to file a petition for judicial review even where a "timely" request is made for the administrative record. (See generally, Cal. Administrative Mandamus, *supra*, § 7.6, p. 243.)

Citing *Addison v. State of California* (1978) 21 Cal.3d 313 [146 Cal.Rptr. 224, 578 P.2d 941], and *Liberty v. California Coastal Com.* (1980) 113 Cal.App.3d 491 [170 Cal.Rptr. 247], plaintiff argues the trial court's judgment must be upheld as an exercise of its equitable power to toll the limitations period in light of the fact the administrative record was not prepared and certified by the Board until 31 days following the final administrative action. Neither of the cited cases is of assistance to plaintiff.

*Addison* does not stand for the proposition the trial court has unfettered discretion to toll a statute of limitations. Indeed, *Addison* recognizes that the doctrine of equitable tolling applies only "occasionally and in special situations." (21 Cal.3d at p. 316.) *Addison* holds the statute of limitations for an action against the state is tolled during the time the plaintiff in good faith, albeit mistakenly, pursues the same cause of action in federal court. (21 Cal.3d at pp. 317-319.) *Addison* "adhered to a general policy which favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." (*Id.* at p. 317.) Because "the same set of facts may be the basis for claims under both federal and state law" (p. 319), the *Addison* plaintiffs had two apparently viable alternative remedies, but their choice of one risked foreclosure of the other if for some reason their choice miscarried. Equitable tolling was necessary to relieve them of the unduly harsh consequences of this dilemma which was not entirely of their own making. Here plaintiff had but one remedy, the procedures to perfect which are relatively simple and straightforward. In contrast to the situation in *Addison*, there is nothing inherent in these circumstances requiring the interposition of equity to spare plaintiff from harsh consequences beyond its power to control.

The statute of limitations involved in *Liberty* is contained in Public Resources Code section 30801, which provides for a 60-day period within which to seek judicial review of a decision of the State Coastal Commission (Commission). Following a final decision by the Commission, the petitioner requested preparation of the administrative record. Thereafter the petition for judicial review was filed more than 60 days after the date of the decision but

within 30 days of receipt of the record. The trial court ruled the petition timely. (113 Cal.App.3d at p. 496.)

The *Liberty* court affirmed: "[U]sing Government Code section 11523 and Code of Civil Procedure section 1094.6, subdivision (d), as guides to an equitable extension where there is delay due to preparation of the administrative record after a timely request for it, we uphold the trial court's finding of a timely filing of the petition . . . . To decide otherwise would permit the [Commission] to effectively block any appeal by simply holding up preparation of the record and thus facilitate the perpetration of an injustice by thwarting a judicial review." (113 Cal.App.3d at pp. 497-498.)

*Liberty* does not help plaintiff. First, the *Liberty* court relied heavily on the fact that a *timely* request had been made for preparation of the administrative record. (113 Cal.App.3d at p. 497.)[3] No such showing has been made in the instant case. Since plaintiff invokes the analogy to statutes of limitation explicitly allowing for tolling on timely request for the record, it is plaintiff's burden to demonstrate, by analogy to those statutes, that there was a "timely" request the record be prepared. Yet, the record shows only that plaintiff *mailed* its request the record be prepared on the 10th day following the Board's decision. (See Cal. Civil Writ Practice (Cont.Ed.Bar 1987) § 2.5, pp. 53-54; § 10.42, pp. 417-418.) Without a showing as to when the request was received by the Board, we must reject plaintiff's attempted analogy to statutes of limitation which specifically delimit timeliness to a period of 10 days.

More fundamentally, we believe the eponymous *Liberty* court took unwarranted liberty with the statute of limitations there at issue. Given the fact the request for record was timely, at least as measured by analogous statutes of limitation, the facts in *Liberty* were neither unique nor distinct from the run-of-the-mill. Thus, under the *Liberty* regime, every plaintiff seeking judicial review of an administrative ruling under Public Resources Code section 30801 or cognate statutory provisions would be entitled to tolling of the statute of limitations on a simple showing that the request for the record was "timely." The distinction presumably intended by the Legislature between the two discrete types of limitations statutes, one which expressly provides for such tolling and one which does not, would be abolished by

---

[3]Given that the *Liberty* court relied by analogy upon the extension provisions contained in Government Code section 11523 and Code of Civil Procedure section 1094.6, subdivision (d), neither of which is triggered unless a request for preparation of the administrative record is filed within 10 days of the date the decision to be attacked becomes final, we presume the request made by the plaintiff in *Liberty* was filed with the Commission within 10 days of the Commission's final decision.

judicial fiat. ■ Yet it is not for the courts, under the guise of equitable tolling, to amend a statute by adding a provision of general applicability "which we must assume was purposely omitted" by the Legislature. (*Sinetos* v. *Department of Motor Vehicles, supra,* 160 Cal.App.3d at p. 1176.) Where the Legislature decides not to provide any such extension, our system of separation of powers mandates that we accord judicial deference to that legislative decision. (See *Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 282 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206].)

■ Finally, plaintiff asserts it was all but impossible to file a writ proceeding without benefit of the administrative record. Yet, as we noted in *Sinetos* a petition for mandamus often must be filed before the record is available (160 Cal.App.3d at pp. 1176-1177) and in such a case the petition is subject to cure by amendment. (See *ibid.*) Plaintiff offers no reason why the instant case is so unusual or exceptional as to render that approach futile.[4]

## II

■ Having determined there was no basis for an equitable tolling of the limitations period, we address plaintiff's contention the Board is estopped from raising the bar of limitations. Plaintiff's claim of estoppel is based on allegations in the petition that certain representations were made by Leonard Foote, the Board's executive secretary, informing counsel for plaintiff that when a timely request is made for preparation of the administrative record, the Board's policy is to extend the limitations period for 30 days following its preparation. Plaintiff argues that as the instant petition was filed within 30 days after the preparation of the administrative record, the Board is estopped to raise the bar of limitations.

In its statement of decision the trial court found the Board was estopped to assert the statute of limitations. The court cited no facts and provided no explanation for its ruling. Indeed, there is no evidence in the record to support the trial court's finding of estoppel. The only evidence bearing on estoppel was offered by the Board in the form of Foote's deposition. Foote testified that the Board, as a matter of policy, recognized no exceptions to the 30-day statute of limitations in Business and Professions Code section 19463. He acknowledged plaintiff's counsel had asked him for a copy of the transcript and he had responded to her request. Foote flatly denied, however,

---

[4]Indeed, the original petition was a skeletal document containing only general allegations that the evidence in the record did not support the Board's decision. The petition was twice amended. The first document containing any specific reference to the record was the supporting points and authorities filed almost three weeks after the filing of the petition.

that he and counsel had discussed any policy of the Board with respect to extensions of the limitations period.

Plaintiff argues its verified amendment to the petition wherein plaintiff alleged a contrary version of the facts, namely, that counsel and Foote had a conversation in which Foote indicated the Board's policy was to extend the limitations period for 30 days after the record is prepared if timely request therefor is made, constitutes evidence from which the trial court's ruling on estoppel can be upheld. We disagree.

■ A writ of mandate may be decided on the pleadings when the return raises solely questions of law or when the parties stipulate to such a procedure. (*English* v. *City of Long Beach* (1952) 114 Cal.App.2d 311, 316-317 [250 P.2d 298].) Otherwise, a petition for writ of mandate is "like any other complaint in a civil action in that the allegations not admitted to be true [cannot] be accepted as true." (*Lotus Car Ltd.* v. *Municipal Court* (1968) 263 Cal.App.2d 264, 269 [69 Cal.Rptr. 384].) ■ Here, the Board filed an answer denying the allegations in the petition concerning estoppel, and raised the statute of limitations as an affirmative defense. In turn, plaintiff filed a replication to the answer which denied the allegations contained in the affirmative defense. Thus, at the end of the pleading stage, the issue of estoppel was joined. As the party asserting the estoppel, the burden of proof lay with plaintiff. (Code Civ. Proc., § 1091; Evid. Code, § 500; see *Sterling Corporation* v. *Superior Court* (1929) 207 Cal. 370, 373 [278 P. 859]; *Cal. Employment Com.* v. *Malm* (1943) 59 Cal.App.2d 322, 323 [138 P.2d 744].) Yet, at trial, plaintiff completely failed to carry the burden of proof, offering no evidence in support of its claim of estoppel.

Plaintiff argues the writ petition itself constitutes evidence sufficient to support its claim of estoppel. "Petitioner labors under the misconception that all of the facts alleged in its verified petition must be accepted as true. But, as already pointed out, the petition is like any other complaint in a civil action. Statement of facts therein alleged controverted by answer *must be established by evidentiary proof.*" (Italics added, *Lotus Car Ltd.* v. *Municipal Court, supra,* 263 Cal.App.2d at p. 271.)

*Hand* v. *Board of Examiners* (1977) 66 Cal.App.3d 605 [136 Cal.Rptr. 187], does not assist plaintiff. In *Hand* the Board of Examiners in Veterinary Medicine (agency) had taken disciplinary action against one of its licensees. The licensee petitioned the superior court for administrative mandamus (Code Civ. Proc., § 1094.5) to vacate the disciplinary action. The superior court found there was relevant evidence which the licensee in the exercise of reasonable diligence could not have produced at the agency hearing and

remanded to the agency for a new hearing. The question on appeal was whether there was substantial evidence to support that order. The *Hand* court upheld the order on the basis the agency had agreed at the writ hearing that the trial court could decide whether additional evidence should be received based on an offer of proof by the licensee. The court pointed out, "This is not a situation where counsel merely failed to object but where counsel approved the proposed procedure that the trial court determine the [issue] . . . on the offer of proof." (66 Cal.App.3d at p. 614.)

*Hand* was a proceeding in administrative mandamus (Code Civ. Proc., § 1094.5), where the trial court reviews only the administrative record and receives additional evidence in limited circumstances. (See Code Civ. Proc., § 1094.5, subds. (a), (e); *No Oil, Inc.* v. *City of Los Angeles* (1974) 13 Cal.3d 68, 79, fn. 6 [118 Cal.Rptr. 34, 529 P.2d 66]; 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 289, pp. 913-914.) The instant case is one in ordinary mandamus (Code Civ. Proc., § 1085), where a full trial on the factual issues is contemplated. (Code Civ. Proc., §§ 1090, 1091, 1094; *English* v. *City of Long Beach, supra,* 114 Cal.App.2d at p. 316; 8 Witkin, Cal. Procedure, *op. cit. supra,* § 187, pp. 815-816.) (See fn. 1, *ante.*) In such a proceeding, plaintiff's verified petition is like a complaint in a civil action and, in the absence of proof, there is no basis upon which to sustain allegations which are not admitted. (*Lotus Car Ltd.* v. *Municipal Court, supra,* 263 Cal.App.2d at pp. 269-271.)

As an alternate ground of decision the *Hand* court held the superior court's order was supported by the licensee's verified writ petition, which alleged that he "would offer evidence 'that will materially impeach the testimony of [opposing witnesses and] that this evidence in the exercise of due diligence, could not have been produced at the administrative hearing.' " (*Hand* v. *Board of Examiners, supra,* 66 Cal.3d at p. 614.) The court explained: "A petition for a writ of mandate is a special proceeding. (Code Civ. Proc., § 1063 et seq.) Evidence in support of a petition for a writ of mandate can be produced by affidavit. (Code Civ. Proc., § 2009.) A declaration under penalty of perjury may be used in lieu of an affidavit. (Code Civ. Proc., § 2015.5.) Therefore, a verified petition constitutes evidence which is sufficient to support a judgment." (*Hand* v. *Board of Examiners, supra,* 66 Cal.App.3d at p. 615.)

While we agree with the premises of the *Hand* court's construct, we believe the conclusion is a non sequitur. The *Hand* court cites no authority and we are aware of none which permits consideration as evidence of

allegations of a verified pleading not offered in evidence and which are denied in the responsive pleading.[5]

Plaintiff's reliance on *Estate of Nicholas* (1986) 177 Cal.App.3d 1071 [223 Cal.Rptr. 410] is equally unavailing. *Nicholas* involved a petition for instructions regarding the administration of a testamentary trust under former Probate Code section 1120. Although the statute did not specifically permit the use of affidavits as evidence, neither party objected to their use and both sides adopted that means of supporting their positions. On appeal, this court held that neither party could object to that procedure because neither party had objected in the trial court. (177 Cal.App.3d at p. 1088.)

Here, the occasion never arose for the Board to object to the use of the verified writ petition as evidence because the petition was never offered in evidence. Indeed, as we have noted, plaintiff offered no evidence in support of its claim of estoppel. As a result, the trial court's finding of estoppel is not supported by any evidence, let alone substantial evidence, and cannot stand.[6]

Because the proceeding is barred by the statute of limitations and there is no estoppel, the judgment must be reversed. ■ Plaintiff is not the prevailing party and the order awarding plaintiff attorney's fees pursuant to the private attorney general theory must also be reversed. (See *Kimble* v. *Board of Education* (1987) 192 Cal.App.3d 1423, 1431 [238 Cal.Rptr. 160];

---

[5]Plaintiff seeks support in Code of Civil Procedure section 2009. That section states: "An affidavit may be used to verify a pleading or a paper in a special proceeding, to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy, the examination of a witness, or a stay of proceedings, and in uncontested proceedings to establish a record of birth, or upon a motion, and in any other case expressly permitted by statute."

"Section 2009 of the Code of Civil Procedure has no application to the proof of facts which are directly in controversy in an action. Its provisions apply only to matters of procedure, matters collateral or incidental to the action, but have no relation to the proof of facts the existence of which is made an issue of the case." (*Oil Tool Exchange, Inc.* v. *Hasson* (1935) 4 Cal.App.2d 544, 547 [41 P.2d 211].)

[6]Code of Civil Procedure section 446 provides for the verification of pleadings, generally by affidavit of a party. In certain circumstances where a party is unable to verify a pleading the attorney for the party may do so on information and belief. Section 446 provides that in such cases, "the pleadings shall not otherwise be considered as an affidavit or declaration establishing the facts therein alleged." Plaintiff argues the quoted limitation on certain specified types of verified pleadings implies that all others may be used to establish the facts therein alleged. The petition here, although verified by counsel for plaintiff, does not come within the specified types of verified pleadings subject to the quoted limitation contained in section 446. Assuming arguendo that, so far as it goes, plaintiff's construction of section 446 is correct, section 446 clearly does not permit a party to sustain its burden of proof without the offer and receipt of evidence.

*Miller* v. *California Com. on Status of Women* (1985) 176 Cal.App.3d 454, 457-458 [222 Cal.Rptr. 225].)

The judgment is reversed and the cause remanded to the superior court with directions to deny the petition for writ of mandamus. The order awarding plaintiff attorney's fees is reversed and the superior court is directed to enter an order denying the request for same. The Board shall recover its costs on appeal.

Sparks, J., and Scotland, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 19, 1991.