Filed 11/22/21  Fernandez v. Cal. Victim Compensation Board CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MIRIAN FERNANDEZ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA VICTIM<br>COMPENSATION BOARD,<br><br>    Defendant and Respondent. | H048063<br>(Santa Cruz County<br>Super. Ct. No. 18CV03321) |

Plaintiff and appellant Mirian Fernandez (appellant), proceeding in propria persona, filed a petition for writ of mandate in the trial court seeking review of an administrative decision by respondent California Victim Compensation Board (Board) denying her application for compensation through the Board's victim restitution fund. The trial court sustained the Board's demurrer because the petition was filed beyond the applicable statute of limitations.  Finding no error, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

The Board[2] denied appellant's application for compensation on September 21, 2017, mailing notice of its decision to appellant by regular mail on September 25, 2017.

---

[1] We take our factual and procedural history from the documents in the clerk's transcript.  As we explain below, our review in this case is hampered to some degree by an incomplete appellate record and appellant's opening brief.

[2] The Board "is an agency within the California state government.  (Gov. Code, § 13901.)  The Legislature has enacted statutes governing the procedure by which crime (continued)

On March 12, 2018, appellant called the Board and spoke with staff who explained that her application had been denied. Appellant filed a petition for writ of mandate in the trial court pursuant to Government Code section 13960, subdivision (a)(1), on November 15, 2018.

In response to the petition, the Board filed a demurrer, contending that appellant's petition was barred by the applicable 60-day statute of limitations in Government Code section 13960, subdivision (a)(1). Following a hearing on March 24, 2020, the trial court sustained the demurrer without leave to amend, entering the order on April 10, 2020.

The order stated: "Petitioner was required to file her petition within sixty days of service of the notice of decision and proposed decision by mail. Gov. Code § 13960(a)(1). It is presumed that the notice of decision and proposed decision which were correctly addressed and properly mailed on September 25, 2017 were received by Petitioner in the ordinary course of mail. Ev. Code §641. To the extent that Petitioner's discovery of CalVCB's [California Victim Compensation Board] denial of her application was delayed, she knew of the denial by March 12, 2018, at the latest; and she was therefore required to file her petition within the next sixty days. *Hansen v. Bd. of Registered Nursing* (2012) 208 Cal.App.4th 664, 670-671. Petitioner's failure to file her petition for more than a year after the notice of decision and proposed decision were mailed, and more than eight months after her discovery that her application for compensation had been denied, now bars her petition under the statute of limitations."

Appellant timely filed the notice of appeal on April 16, 2020, purporting to appeal a judgment of dismissal after an order sustaining a demurrer.[3]

---

victims may obtain compensation from the restitution fund through the board." (*In re S.E.* (2020) 46 Cal.App.5th 795, 810, citing Gov. Code, § 13950, subd. (b).)

[3] Although there is no such judgment in the record, we treat the order as appealable. (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 527, fn. 1.) While the general rule of appealability is that " '[a]n order sustaining a demurrer without leave to (continued)

## II. THE RECORD ON APPEAL AND APPELLANT'S OPENING BRIEF

Our review in this case is constrained by the record and appellant's opening brief. In her notice designating the record, appellant elected to proceed by way of an agreed statement and a settled statement. (Cal. Rules of Court, rules 8.134, 8.137.)[4] The trial court found appellant's proposed settlement statement difficult to comprehend and accordingly entered a "modified settled statement" which stated: [¶] "The appellant/petitioner's writ of mandate was resolved by sustaining the respondent's demurrer without leave to amend because the defect was not correctable. A copy of the court's decision is attached to this Modified Settled Statement and is self-explanatory."

The superior court clerk then certified and lodged a "clerk's transcript" as the record for this appeal. The clerk's transcript consists of the following documents only: (1) the trial court's order sustaining the demurrer; (2) the April 15, 2020 notice of ruling of the order; (3) the April 16, 2020 notice of appeal; (4) appellant's May 15, 2020 notice designating the record on appeal; (5) the trial court's December 8, 2020 order on appellant's proposed settled statement; and (6) the register of actions.

These documents—as well as the parties' briefs on appeal—refer to other documents and proceedings from the trial court that are not contained in the record, including the operative petition for writ of mandate, the Board's demurrer, the

amend is not appealable, and an appeal is proper only after entry of a dismissal on such an order,' " a court may deem such an order to incorporate a judgment of dismissal where " 'all that is left to make the order appealable is the formality of the entry of a dismissal order or judgment.' " (*Ibid.*, quoting *Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1396.) We elect to do so here.

[4] An agreed statement is a summary of the trial court proceedings to which the parties have agreed. (Cal. Rules of Court, rule 8.134.) A settled statement "is a summary of the superior court proceedings approved by the superior court. An appellant may . . . elect . . . to use a settled statement as the record of the oral proceedings in the superior court, instead of a reporter's transcript." (Cal. Rules of Court, rule 8.137(a).)

administrative record relating to the Board's underlying decision, and the hearing on the demurrer.

It is fundamental that an appellant bears the burden of providing an adequate record to support claims of error and the failure to do so requires that the issue be resolved against the appellant. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) An appellant is also required to provide a reporter's transcript, agreed statement, or settled statement for any issue that "requires consideration of the oral proceedings in the superior court." (Cal. Rules of Court, rule 8.120(b).)

We are not permitted to speculate as to the contents of missing portions of the record or issues appellant may have raised below. (*Kearl v. Board of Medical Quality Assurance* (1986) 189 Cal.App.3d 1040, 1051-1052.) Instead, our review is limited to the record before this court. (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.) Appellant has neither raised any objections to the record here, nor offered any explanations for the limited documents that have been provided. (See *Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935-936 [appellant forfeited objections to settled statement by failing to raise issue in opening brief or seek writ review].)

Appellant's opening brief also fails to comply with the California Rules of Court in numerous respects, making our review even more challenging. Appellate briefs must state "each point under a separate heading or subheading summarizing the point and, support each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) Briefs must also cite the record when discussing facts and an opening brief must identify the relief sought, explain why the order appealed from is appealable, and provide a summary of significant facts limited to matters in the record. (Cal. Rules Court, rule 8.204(a)(1)(C), (a)(2)(A), (a)(2)(C).)

"An appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or

4

citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Moreover, appellant's opening brief consists mostly of vague grievances and allegations unsupported by any citations to the record, and fails to address the legal basis of the trial court's order. Although the brief includes a list of three case citations, it does not provide any discussion of how the cases apply or support appellant's position.

We are mindful of the fact that appellant is self-represented. However, she is not exempt from compliance with the general rules set forth above. "Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; see also *Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 952 ["self-represented parties must follow correct rules of procedure and failure to do so can result in waiver of challenges on appeal"].) Accordingly, self-represented litigants are not entitled to lenient treatment. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Id.* at p. 985.) We may therefore disregard factual contentions not supported by citations to the record or based on information outside the record, as well as legal arguments not supported by citations to legal authority. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

### III. DISCUSSION

#### A. *Standard of review*

Courts apply two distinct standards when reviewing an order sustaining a demurrer without leave to amend. (*Heritage Oaks Partners v. First American Title Ins. Co.* (2007) 155 Cal.App.4th 339, 344 (*Heritage Oaks*).) "First, we review the complaint de novo to determine whether it alleges sufficient facts to state a cause of action." (*Ibid.*) In doing so, "we accept the truth of material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law." (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 346; see also *Royalty Carpet Mills, Inc. v. City of Irvine* (2005) 125 Cal.App.4th 1110, 1115 [same standard applies to petitions for writ of mandate].)

Secondly, we "then apply an abuse of discretion standard to determine whether there is a reasonable possibility that the complaint could be cured by amendment." (*Heritage Oaks*, *supra*, 155 Cal.App.4th at p. 344.) "If the complaint could be cured by amendment, ' "the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." ' " (*Ibid.*, quoting *First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, 1662.)

In general, a " 'judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*), quoting 3 Witkin, Cal. Procedure (1954) Appeal, § 79, pp. 2238-2239.)

#### B. *The parties' contentions on appeal*

As noted above, appellant's opening brief did not directly address the legal basis of the trial court's ruling that the petition was filed beyond the statute of limitations, and

did not include any citations to the record. Appellant contends that at the March 24, 2020 hearing on the Board's demurrer, she "clearly stated, 'No,' I had no information about that letter during the month of March," and that "the errors in the inaccurate notice after the court hearing suggest the direct opposite of what I clearly stated in court that day." We presume appellant means to contest the trial court's determinations that on March 12, 2018, she "called CalVCB and spoke with staff who explained that her application was denied," and that "she knew of the denial by March 12, 2018, at the latest." The remainder of appellant's brief appears to address the merits of her initial application for compensation to the Board, which are not at issue in this appeal of the order sustaining the demurrer.

In its respondent's brief, the Board contends the trial court correctly determined that the applicable statute of limitations barred the petition. Specifically, the Board contends that the mailing of its notice of decision to appellant on September 25, 2017, triggered the 60-day statute of limitations period in Government Code section 13960, subdivision (a)(1) and that because appellant did not file her petition by November 24, 2017, it was time-barred.

### C. *The trial court properly sustained the demurrer*

#### a. *Applicable law*

The order cited Government Code section 13960, subdivision (a)(1) as the applicable authority. That section is part of a statutory scheme the Legislature has established that governs the procedure by which certain crime victims may seek and obtain compensation from a restitution fund through the Board. (*In re S.E.*, *supra*, 46 Cal.App.5th at p. 810; Gov. Code, § 13950.)

Judicial review of a final decision by the Board on an application for such compensation "may be had by filing a petition for a writ of mandate in accordance with Section 1094.5 of the Code of Civil Procedure." (Gov. Code, § 13960, subd. (a).) Further, "[t]he petition shall be filed as follows: (1) Where no request for reconsideration

7

is made, within 30 calendar days of personal delivery or within 60 calendar days of the mailing of the board's decision on the application for compensation." (*Id*., subd. (a)(1).)

### b. *The petition was filed beyond the applicable statute of limitations*

As a threshold matter, because the petition is not included in the record before this court, we are unable to review it to determine whether it alleges sufficient facts to state a cause of action. (*Heritage Oaks*, *supra*, 155 Cal.App.4th at p. 344.) Instead, we take our facts from the trial court's order, as recited above, and assume the veracity of the factual determinations supporting it. (*Denham*, *supra*, 2 Cal.3d at p. 564.)

The trial court determined that the Board mailed its decision via regular mail on September 25, 2017. The trial court also stated that "[i]t is presumed that the notice . . . [was] received by Petitioner in the ordinary course of mail. Ev. Code § 641." The parties have not directed us to any authority interpreting the relevant language in Government Code section 13960, subdivision (a)(1) quoted above. Nevertheless, as a general matter, "[a] time limit prescribed by the Legislature for filing a petition for writ of mandate is jurisdictional." (*In re Antilia* (2009) 176 Cal.App.4th 622, 630.) Specific to Code of Civil Procedure section 1094.5—which governs the filing of petitions pursuant to Government Code section 13960—the period " ' "within which a mandamus petition must be filed is a statute of limitations and the rules regarding limitations of actions are applicable to mandamus proceedings." ' " (*Jahangiri v. Medical Bd. of California* (1995) 40 Cal.App.4th 1657, 1661 [applying Gov. Code § 11523], quoting *California Standardbred Sires Stakes Com., Inc. v. California Horse Racing Bd.* (1991) 231 Cal.App.3d 751, 756.) In addition, " ' "[w]hen the Legislature has decided to introduce an element of flexibility in a particular instance, it has expressly provided for extension of the limitation period." ' " (*Jahangiri*, *supra*, at p. 1661.) "In the absence of such a specific provision for extension, it must be inferred the Legislature did not intend to permit relief on grounds of good cause." (*Kupka v. Board of Administration* (1981) 122 Cal.App.3d 791, 795.)

8

Applying these rules, we read Government Code section 13960, subdivision (a)(1) as mandating that, where no request for reconsideration was made, any petition challenging the Board's decision must be filed within 60 calendar days of the mailing of the decision. The petition here was not filed until November 15, 2018, more than a year after the Board's decision was mailed on September 25, 2017. Accordingly, the petition was time-barred.

Even if we were to construe appellant's statement in her brief that she "had no information about that letter during the month of March" as an assertion that she never received the decision from the Board, it would not change the result. As the trial court held, "a letter correctly addressed and properly mailed has been received in the ordinary course of mail." (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 497; Evid. Code, § 641.)

Appellant has not identified any evidence in the record to support her contention that she never received the mailing, or otherwise to rebut the presumption in Evidence Code section 641. (*Bank of America v. Giant Inland Empire R.V. Center, Inc.* (2000) 78 Cal.App.4th 1267, 1278.) The " '[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187, quoting *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) Nor has appellant presented any evidence or argument that the statute of limitations in Government Code section 13960, subdivision (a)(1) might have been tolled or did not apply. (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [court is not bound to develop arguments for a party].)

The trial court also determined that appellant "knew of the denial by March 12, 2018, at the latest," when she called the Board and spoke with staff who explained that her application was denied, so that at the very least her petition must have been filed within 60 days from that date. We need not address that scenario because we have

9

determined that the statute of limitations period set forth in Government Code section 13960, subdivision (a)(1), began to run on September 25, 2017.

Lastly, appellant has not argued the trial court abused its discretion in sustaining the demurrer without leave to amend and we are not aware of any evidence in the record to support an argument that the petition could be cured by amendment. (*Heritage Oaks*, *supra*, 155 Cal.App.4th at p. 344.) Accordingly, the trial court did not abuse its discretion in this respect. Because appellant filed the petition beyond the applicable statute of limitations, the Board's demurrer was properly sustained.

## IV.    DISPOSITION

The order is affirmed. Each party shall bear its own costs on appeal.

_____
                             Wilson, J.

WE CONCUR:

_____
            Greenwood, P.J.

_____
            Lie, J.

Fernandez v. California Victim Compensation Board
H048063