MARQUEZ, J., Concurring.
I respectfully concur in the judgment only. I agree with my colleagues that defendant’s 26-year sentence—which included firearm enhancements adding more than 13 years to defendant’s base terms— must be affirmed. But in my view, defendant’s argument that the trial court erred when it imposed sentences on Penal Code former section 12022.5[1] firearm enhancements that were not alleged in the accusatory pleading has merit.
Defendant’s argument is based on section 1170.1, subdivision (e). That statute plainly says, “AZZ enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact.” (Italics added.) Here, count one of the accusatory pleading alleged that defendant “personally and intentionally discharged a firearm, a(n) [szc] handgun, and proximately caused, the death of Huber Vírelas, a person other than an accomplice within the meaning of Penal Code sections 12022.53(d) [and 12022.53(c) and 12022.53(b)].” (Italics added.)[2] And the jury subsequently found that defendant “personally and intentionally discharged a firearm, a handgun, and proximately caused, the death of Huber Vírelas, a person other than an accomplice within the meaning of Penal Code 12022.53(d)” as to count one. (Italics added.)
The plain language of section 1170.1, subdivision (e) requires that all enhancements be “alleged in the accusatory pleading,” and that all enhancements be “admitted by the defendant in open court or found to be true by the trier of fact.” Neither of these statutory requirements was satisfied with respect to the former section 12022.5 enhancements.
*1400 The majority holds that the prosecution satisfied the requirements of section 1170.1, subdivision (e) because former section 12022.5 is a “lesser included enhancement” of the other firearm enhancements that were alleged. For this proposition, the majority relies on People v. Strickland (1974) 11 Cal.3d 946 [114 Cal.Rptr. 632, 523 P.2d 672] (Strickland) and People v. Majors (1998) 18 Cal.4th 385 [75 Cal.Rptr.2d 684, 956 P.2d 1137] (Majors), as well as other lower court decisions relying on those cases.
The Legislature enacted the current version of section 1170.1, subdivision (e)' in 1997. (Stats. 1997, ch. 750, § 3, p. 5065.) Because Strickland and Majors concerned sentences imposed long before the effective date of the current statute, neither case considered the statutory language at issue in this appeal. (People v. Scheid (1997) 16 Cal.4th 1, 17 [65 Cal.Rptr.2d 348, 939 P.2d 748] [“ ‘[A]n opinion is not authority for a proposition not therein considered’ ”], quoting Ginns v. Savage (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].) And while it is true that prior versions of section 1170.1 contained language requiring that certain enumerated enhancements be “pleaded and proven as provided by law,” the current language of the statute is substantially more exacting in its requirements. Thus, cases predating the current version of section 1170.1, subdivision (e) provide limited guidance, if any, in construing the applicable language of the current statute.
I agree with the majority that the imposition of more than 14 years of enhancements in this case—based upon the “lesser included enhancement” set forth in former section 12022.5—did not violate notice requirements of due process or defendant’s right to a jury trial. But I would conclude that the plain language of section 1170.1, subdivision (e) requires that all enhancements be alleged in the accusatory pleading, and that defendant either admits to the alleged enhancements or that the trier of fact finds them to be true. The plain text of the statute draws no distinction between “lesser included enhancements” and “greater enhancements”; it simply requires the prosecution to allege all enhancements. The term “all” necessarily includes both lesser included and greater enhancements. And unlike convictions for lesser included offenses that are authorized by section 1159, I am unaware of any statutory authority that authorizes a judge or jury to make true findings for lesser included enhancements.
It may be that the Legislature, by imposing specific pleading requirements for enhancements, intended to preclude the same kind of “ ‘all-or-nothing’ ” choice that juries face when they are not instructed on a lesser included offense that is supported by the evidence. (People v. Banks (2014) 59 Cal.4th 1113, 1159-1160 [176 Cal.Rptr.3d 185, 331 P.3d 1206] [“The rule that juries must be instructed on lesser included offenses ‘ “prevents either party, *1401 whether by design or inadvertence, from forcing an all-or-nothing choice between conviction of the stated offense on the one hand, or complete acquittal on the other. Hence, the rule encourages a verdict, within the charge chosen by the prosecution, that is neither ‘harsher [n]or more lenient than the evidence merits.’ ” ’ ”].) The majority asserts that requiring lesser included enhancements to be pleaded would “ ‘elevate form over substance’ ” because the failure to do so would always be harmless error. (Maj. opn., ante, at p. 1398.) I respectfully disagree. Under different facts, a jury presented with the option of a lesser included enhancement (not necessarily a firearm enhancement) might find that the evidence supports the lesser enhancement, but not the greater. But the same jury, if given only an “all-or-nothing” choice, may feel compelled to find the greater enhancement rather than none at all. In that case, the failure to present the lesser included enhancement could not be considered harmless.
The Legislature may also have found it desirable to apprise defendants explicitly of the various enhancements upon which they could be sentenced, which impose wide-ranging consequences. The firearm enhancements at issue in this appeal illustrate the point. Under the firearm enhancement found true by the jury, defendant faced an additional and consecutive term of 25 years to life for a single violation. (Former § 12022.53, subd. (d).) Under the enhancement imposed by the trial court, defendant faced an additional and consecutive term of three, four, or 10 years for a single violation. (Former § 12022.5, subd. (a).) Had the court imposed an enhancement for being armed with a firearm during the commission of a felony under former section 12022, subdivision (a)(1), defendant could only have been sentenced to an additional and consecutive one-year term for a single violation. Awareness by all parties of these potential outcomes—which range from a one-year enhancement to an enhancement of 25 years to life—is critical to the informed negotiation of dispositions.
Notwithstanding the failure to allege the former section 12022.5 enhancements in the accusatory pleading, I would find the error harmless. The error constituted a violation of state law only—not a violation of due process or the federal constitutional right to a jury trial. The proper standard for such error is set forth in People v. Watson (1956) 46 Cal.2d 818 [299 P.2d 243], which requires a defendant to show a reasonable probability of a more favorable outcome had the error not occurred. (See People v. Epps (2001) 25 Cal.4th 19, 29 [104 Cal.Rptr.2d 572, 18 P.3d 2] [failure to comply with sentencing law is subject to harmless error review under the Watson standard].) The jury found the enhancements set forth in former section 12022.53, subdivision (d) to be true, and defendant concedes that sufficient evidence would have supported a finding of true as to the former section 12022.5 enhancements. It is therefore clear that in the circumstances of this case, if the accusatory pleading had *1402 included the former section 12022.5 enhancements and the court had instructed the jury accordingly, the jury would have found those enhancements true. For this reason, I would conclude the error was harmless and, like the majority, I would affirm the judgment.
Appellant’s petition for review by the Supreme Court was denied December 17, 2014, S222295.

 All further statutory references are the Penal Code.

 The enhancement alleged in count two contained similar language except that it alleged great bodily injury instead of death.