Filed 2/25/21  Modified and Certified for Pub. 3/12/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAM N. BICHAI,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DIGNITY HEALTH et al.,<br><br>Defendants and Respondents. | F078658<br><br>(Super. Ct. No. BCV-18-100629)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Thomas S. Clark, Judge.

Fenton Law Group, Henry R. Fenton and Dennis E. Lee for Plaintiff and Appellant.

Manatt, Phelps & Phillips, Barry S. Landsberg, Doreen W. Shenfeld, Joanna S. McCallum and Colin M. McGrath for Defendant and Respondent Dignity Health.

-ooOoo-

Plaintiff William N. Bichai, M.D., reapplied for staff privileges at a hospital and was preliminarily told his application would be granted.  After Bichai disagreed with the treatment one of his patients received at another hospital, and advocated for what Bichai believed was medically appropriate care, the second hospital reported to the first hospital

that Bichai had interfered with a patient's treatment. The medical executive committee of the medical staff of the first hospital then recommended that Bichai's reapplication for staff privileges be denied based on his inability to control his behavior and work cooperatively with others. Bichai sued both hospitals before the first hospital issued a final decision in the peer review proceeding addressing his reapplication. Bichai alleged multiple claims, including retaliation in violation of Health and Safety Code section 1278.5 (section 1278.5), a whistleblower provision that protects healthcare workers who advocate for medically appropriate care of a patient.

This appeal arises from the trial court's decision to sustain a demurrer filed by the first hospital—that is, the hospital where Bichai's reapplication for privileges was pending. We conclude Bichai's claims against that hospital for unfair competition and conspiring with the second hospital to violate section 1278.5 failed to allege facts sufficient to constitute a cause of action. The hospital had yet to take any adverse action against plaintiff and his reapplication for privileges. The medical staff is a separate legal entity and, thus, its recommendation to deny Bichai's reapplication is not an act of wrongdoing by the hospital. Consequently, a cause of action against the hospital has not yet accrued.

We therefore affirm the judgment.

**FACTS**

Bichai is a licensed nephrologist and internist residing in Bakersfield and practices medicine in the Kern County area. Defendant Dignity Health is a California corporation that does business as Mercy Hospital in Bakersfield (Mercy Hospital). Defendant San Joaquin Community Hospital is a California corporation that does business as Adventist Health Bakersfield (SJC Hospital).

Bichai had privileges at Mercy Hospital from 2008 until June 2012, when, by mutual agreement, he surrendered those privileges. Bichai obtained privileges at SJC Hospital in 2008 and has been on a leave of absence since May 2013.

2.

In April 2016, Bichai submitted a reapplication for medical staff membership at Mercy Hospital. Bichai completed the University of California San Diego Physician Assessment Clinical Education (PACE) Program and, in January 2017, the PACE Program issued its findings that he was fit for duty without accommodation.

In May 2017, the medical executive committee of the medical staff of Mercy Hospital invited Bichai to be interviewed. During the interview, Bichai was asked several hypothetical questions about interpersonal relationships. In August 2017, Bichai and the chief of staff of Mercy Hospital spoke and Bichai was told he was going to be granted privileges with some conditions. Bichai's counsel also was informed of Mercy Hospital's intent to grant privileges.

Later that August, a patient of Bichai, with whom he had a long professional relationship, suffered a heart attack while at the Rehabilitation Center of Bakersfield (Rehab Center). The patient was taken by ambulance to the emergency room at SJC Hospital. After being evaluated in the emergency room, the patient was admitted to SJC Hospital under the care of Sound Hospitalist Group (Sound), which may be an entity separate from SJC Hospital and the Adventist family of entities. The patient's treatment team at SJC Hospital included an attending physician and consulting physicians. The team's consulting physicians included Dr. Sam Singh, a cardiologist, and Dr. Amir Mokri, a nephrologist, both of whom Bichai knew well from his time on SJC Hospital's medical staff.

The same night the patient was taken from Rehab Center to SJC Hospital, Bichai telephoned SJC Hospital and informed the person he spoke with that the patient's hospitalist needed to address the patient's chronic kidney issues and other health issues. Bichai also texted information about the patient to Dr. Mokri to ensure he knew about the patient's kidney disease and other health issues.

During the week or longer that the patient was treated at SJC Hospital, Bichai spoke by telephone with the members of the patient's treatment team, except Dr. Dang, a

hospitalist. On August 28, 2017, Bichai received a text message from Elizabeth Rogers, a liaison of Rehab Center, stating that the patient was being sent from SJC Hospital to home care with Adventist Home Health, an Adventist entity associated with SJC Hospital. Bichai was concerned with the potential inadequacy of home health care to help the patient's recovery. To address this concern, Bichai contacted the patient, but was unable to communicate effectively because the patient is a native Spanish speaker with some English and Bichai speaks very little Spanish. Bichai then called the patient's son, who confirmed his father was very weak and they agreed the patient should return to the Rehab Center, rather than return home. Based on this discussion, Bichai spoke with the physician at SJC Hospital and recommended that the patient be returned to the Rehab Center.

Bichai then spoke by telephone with a hospital case manager, whose job was to coordinate care with medical providers and ensure a safe discharge plan. The case manager informed Bichai that the patient was strong enough to go home where he would be treated by Adventist Home Health. Bichai disagreed, set forth his concerns, and asked to speak with the Sound hospitalist who made the determination to send the patient home. Bichai was told the hospitalist was Dr. Dang. Bichai phoned Dr. Dang several times and left messages, but she never returned his calls.

Bichai next phoned Sound and was referred to Dr. Dang's boss, Dr. Ronald Reynoso. Bichai's declaration states: "I was stunned when Dr. Reynoso immediately became very angry and asked why I was trying 'so hard' to 'force' the patient to 'go to a nursing home,' which was an absolute and total mischaracterization of what I was trying to do. He also accused me of harassing Dr. Dang, even though she never even called me back or ever responded to me at any time." Bichai explained his purpose in attempting to contact Dr. Dang and also voiced his concern over a trend, based on many observations, of SJC Hospital sending patients directly to another Adventist owned entity. Bichai's declaration states: "Dr. Reynoso angrily ignored my concerns and simply terminated the

4.

conversation by stating that he would notify the [SJC Hospital] Chief of Staff and the Chief Medical Officer ('CMO') of my involvement in this 'incident.' "

On September 25, 2017, the medical executive committee of Mercy Hospital's Medical Staff voted to recommend the denial of Bichai's reapplication for staff membership. On October 2, 2017, Dr. Emanuel Dozier, chief of staff, sent Bichai a letter informing him of the proposed action and the medical executive committee's determinations. The letter described the information considered by the medical executive committee, including "a recent incident at [SJC Hospital] involving the discharge of a patient brought from The Rehabilitation Center of Bakersfield." One of the medical executive committee's determinations was that Bichai "did not show that the basis for the 2012 adverse action/recommendation no longer exists and that the problems that prompted the 2012 adverse action/recommendation have been corrected." The letter also informed Bichai of his right to challenge the adverse recommendation by requesting a hearing before the judicial review committee of the medical staff. Bichai requested a hearing.

In a November 10, 2017 letter, Dr. Dozier notified Bichai that the hearing had been scheduled for December 12, 2017. The letter listed five charges and the related provision of the Medical Staff's bylaws. The first charge asserted a lack of good judgment and stated: "As was recently demonstrated by the August 28, 2017 incident at [SJC Hospital] when you attempted to interfere with another physician's care of a patient, you still have faulty judgment as to your ability to follow known rules, regulations, policies and medical ethics when you have made a personal decision that the rules, regulations, policies and ethics are either wrong [or] should be ignored for some greater perceived need of yours or a patient. On that same day you sent inappropriate emails to both the Chief of Staff and the Manager of the Medical Staff Office, again demonstrating your lack of good judgment." The letter's four other charges repeated this description of the August 28, 2017 incident and e-mails. For example, the second charge stated the

5.

incident and e-mails "again demonstrate[e] your inability to control your behavior and to work cooperatively with others so as not to adversely affect patient care." The second charge did not describe, or assert the existence of, an actual adverse impact on the care of the patient involved.

## PROCEEDINGS

In March 2018, Bichai filed a complaint against Mercy Hospital. He later filed a first amended complaint (FAC) against Mercy Hospital and SJC Hospital, which is the operative pleading in this appeal. Bichai alleged retaliation in violation of Business and Professions Code sections 2056 and 510 and Health and Safety Code section 1278.5, intentional and negligent interference with prospective economic relations, unfair competition, and conspiracy. The only causes of action asserted against Mercy Hospital alleged (1) unfair competition in violation of Business and Professions Code section 17200 and (2) a conspiracy with SJC Hospital to retaliate against Bichai in violation of section 1278.5. Bichai alleged the hospitals acted together as part of a scheme to deny Bichai reappointment to Mercy Hospital's medical staff and the scheme was effectuated by communications from SJC Hospital to Mercy Hospital falsely accusing Bichai of interfering with the medical care provided by another physician at SJC Hospital.

In July 2018, Mercy Hospital filed a demurrer, contending Bichai failed to exhaust his administrative remedies as required by *Westlake Community Hospital v. Superior Court* (1976) 17 Cal.3d 465, 469 and the first amended complaint did not state facts sufficient to constitute a cause of action against Mercy Hospital. Mercy Hospital contended that it and the Medical Staff were separate legal entities and, therefore, Bichai had not alleged it had taken any adverse action against him.

SJC Hospital challenged the first amended complaint by filing a general demurrer and an anti-SLAPP motion. Bichai opposed the demurrers and the anti-SLAPP motion.

In September 2018, the trial court held a hearing addressing the pending demurrers and motions. The court announced its tentative ruling to grant the anti-SLAPP motion as

6.

to the causes of action asserted against SJC Hospital. The court also announced its tentative ruling to overrule Mercy Hospital's demurrer to the extent it was based on exhaustion of remedies and to sustain its demurrer with respect to section 1278.5 conspiracy to retaliate claim for failing to state a cause of action. The court stated it would grant leave to file another amended complaint, but denied leave to file Bichai's proposed second amended complaint because it contained matters disposed of by the ruling on the anti-SLAPP motion. The court clarified its reference to section 1278.5 by stating Bichai's unfair competition claim under Business and Professions Code section 17200 and the conspiracy claim were based on a violation of section 1278.5. The court discussed the exhaustion of remedies argument by noting exhaustion is not required for a direct section 1278.5 claim and stating it was logical to conclude exhaustion should not be required for derivative claims, such as the conspiracy claim and the unfair competition claim under Business and Professions Code section 17200. After hearing argument, the court adopted its tentative ruling to grant SJC Hospital's anti-SLAPP motion and to sustain Mercy Hospital's demurrer with leave to amend by October 15, 2018. Bichai did not file an amended pleading.

On December 12, 2018, the trial court signed and filed a judgment of dismissal stating (1) the entire action was dismissed with prejudice as to Mercy Hospital, (2) judgment was entered in favor of Mercy Hospital and against Bichai, (3) Bichai shall take nothing from his action against Mercy Hospital, and (4) Mercy Hospital was the prevailing party entitled to recover its costs of suit.[1] Bichai filed a timely appeal.

---

[1] Bichai also appealed from an earlier judgment entered in favor of SJC Hospital after its anti-SLAPP motion was granted. That appeal was assigned case No. F078599 by this court. Oral argument in both appeals was held on February 23, 2021. Judgment in favor of SJC Hospital was affirmed.

## DISCUSSION

I.      BASIC PRINCIPLES

    A.      <u>Demurrers</u>

A complaint must contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language." (Code Civ. Proc., § 425.10, subd. (a)(1).) When a complaint "does not state facts sufficient to constitute a cause of action," a defendant may raise that objection by filing a demurrer. (Code Civ. Proc., § 430.10, subd. (e).) Determining whether a pleading alleges facts sufficient to constitute a cause of action is a question of law. (*Neilson v. City of California City* (2005) 133 Cal.App.4th 1296, 1305.)

    B.      <u>Standard of Review</u>

When a general demurrer is sustained, appellate courts conduct a de novo review to determine whether the complaint alleges facts sufficient to state a cause of action under any possible legal theory. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) A court considering a demurrer ordinarily gives the complaint a reasonable interpretation, reading it as a whole and its parts in their context.[2] (*Ibid*.) The court treats the demurrer as admitting all material facts properly pleaded, but does not assume the truth of contentions, deductions or conclusions of law. (*Ibid*.) Under these principles, appellate courts considering a demurrer are obligated to independently decide questions of law without deference to the legal conclusions of the pleader or the trial court. (*Villery v. Department of Corrections & Rehabilitation* (2016) 246 Cal.App.4th 407, 413.)

---

[2]      When, as in this case, a plaintiff has been granted leave to amend and elects not to file an amended pleading, appellate courts will construe the pleading strictly, based on the rationale that the plaintiff's election indicates he believes the pleading has stated the strongest case possible. (*Davis v. Fresno Unified School Dist.* (2015) 237 Cal.App.4th 261, 275.)

8.

As the appellant, Bichai has the burden of demonstrating the trial court committed error in sustaining the demurrer. (*Smith v. County of Kern* (1993) 20 Cal.App.4th 1826, 1829–1830.) Appellate courts affirm a judgment of dismissal if it is correct on any ground stated in the demurrer, independent of the trial court's stated reasons. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

## II.    SUFFICIENCY OF ALLEGATIONS

### A.    Failure of Retaliation Claim Against SJC Hospital

Mercy Hospital's demurrer argued the FAC did not state a conspiracy cause of action against it because no stand-alone cause of action for conspiracy exists in California. Although the record is not entirely clear on this point, the trial court might have concluded no cause of action for conspiracy to retaliate in violation of section 1278.5 could be stated against Mercy Hospital because (1) the order granting the anti-SLAPP motion had eliminated that retaliation claim against SJC Hospital and (2) the conspiracy claim was derived from and dependent upon the existence of such a claim against SJC Hospital.

We need not address Mercy Hospital's argument about a stand-alone conspiracy cause of action because the present appeal is resolved on other grounds.

### B.    Exhaustion of Remedies

Mercy Hospital's demurrer contended the causes of action for unfair competition and conspiracy to retaliate were deficient because Bichai failed to allege exhaustion of administrative remedies. Mercy Hospital cited *Westlake Community Hospital v. Superior Court, supra,* 17 Cal.3d 465 as supporting authority.

Bichai contended the requirement for exhaustion of administrative remedies does not apply to retaliation claims under section 1278.5 or claims derived from that type of retaliation, such as the unfair competition claim and the conspiracy claim he alleged. Bichai supported his contention by citing *Fahlen v. Sutter Central Valley Hospitals*

9.

(2014) 58 Cal.4th 655 (*Fahlen*) and the Fourth District's *Armin v. Riverside Community Hospital* (2016) 5 Cal.App.5th 810 (*Armin*). In *Fahlen*, the Supreme Court held a physician may pursue an action under section 1278.5 to challenge an allegedly retaliatory hospital decision restricting or terminating the physician's staff privileges without first seeking and obtaining a mandamus petition to overturn the hospital's decision. (*Fahlen*, *supra*, at p. 687.) In *Armin*, the court extended *Fahlen* and concluded a physician may pursue an action under section 1278.5 while the allegedly retaliatory peer review proceedings that are the basis for the physician's whistleblower claim are still pending. (*Armin*, *supra*, at p. 828.)

The trial court considered the exhaustion argument and its tentative ruling was to overrule the portion of Mercy Hospital's demurrer asserting Bichai was required to allege exhaustion of remedies to state a cause of action. The court stated it had read *Fahlen* and *Armin* and thought "the logical conclusion is that if internal and judicial exhaustion [of] remedies is not required for a 1278.5 claim, it should not be required for the derivative claims as well."

While there are plenty of statements in *Fahlen* and *Armin* to support the trial court's extension of those decisions to unfair competition claims and conspiracy claims based on an alleged violation of section 1278.5, we need not address the exhaustion question because the present appeal is resolved on other grounds.

C.    Conduct of Mercy Hospital

    1.    *Contentions*

Mercy Hospital's demurrer contended Bichai had not stated a cause of action against it "because the only action taken in Bichai's pending peer review matter is a recommendation from the Medical Staff," which is "a separate legal entity from Mercy Hospital." Mercy Hospital supports this contention by citing *Hongsathavij v. Queen of*

10.

*Angels etc. Medical Center* (1998) 62 Cal.App.4th 1123 (*Queen of Angels*). In that case, the Second District stated:

> "Hospitals are required by law to have a medical staff association which oversees physicians who are given staff privileges to admit patients and practice medicine in the hospital. A hospital's medical staff is a separate legal entity, an unincorporated association, which is required to be self-governing and independently responsible from the hospital for its own duties and for policing its member physicians. (Health & Saf. Code, §§ 1250, subd. (a), 32128; Cal. Code Regs., tit. 22, § 70701, subd. (a)(1)(D), (a)(1)(F); Bus. & Prof. Code, § 2282; see *Anton v. San Antonio Community Hosp.* (1977) 19 Cal.3d 802, 809-810.) A medical staff and its M[edical Executive Committee] operate under bylaws created by the medical staff. (Cal. Code Regs., tit. 22, § 70703, subd. (b).)" (*Id.* at p. 1130, fn. 2.)

Mercy Hospital asserts a medical staff makes *recommendations* regarding staff privileges and disciplinary action and a hospital's board makes the final decision. Here, Mercy Hospital contends it has not made a final decision and, therefore, cannot be subject to liability yet.

Bichai contends Mercy Hospital's argument that it has taken no adverse action against him, and only its Medical Staff did, is of no consequence. In Bichai's view:

> "*Armin* held that exhaustion of administrative remedies is excused in section 1278.5 actions, even though, by definition, the hospital itself would not have 'acted' yet until those remedies were exhausted. Yet, in *Armin*, the plaintiff sued both the hospital and its medical staff, but the only parties dismissed by the court were individual doctors also named as defendants. (*Armin*, *supra*, 5 Cal.App.5th at 832–836.)"

Bichai asserts the trial court did not reach this particular ground for the demurrer and, if it had, the trial court, at the very least, should have granted him leave to amend to add a new party—namely, the Medical Staff of Mercy Hospital.

### 2. *Ripeness*

As background for our analysis of the parties' contentions about the sufficiency of the allegations against Mercy Hospital, we consider some basic principles governing a court's authority to decide cases. Generally, California courts decide only justiciable

11.

controversies and do not resolve lawsuits that are not based on an actual controversy. (*Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1221.) Under the justiciability doctrine, unripeness and mootness describe situations where there is no justiciable controversy. (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1573.) Unripe cases are those in which an actual dispute or controversy has yet to come into existence. (*Ibid.*)

"The ripeness requirement, a branch of the doctrine of justiciability, prevents courts from issuing purely advisory opinions. [Citation.] It is rooted in the fundamental concept that the proper role of the judiciary does not extend to the resolution of abstract differences of legal opinion. It is in part designed to regulate the workload of courts by preventing judicial consideration of lawsuits that seek only to obtain general guidance, rather than to resolve specific legal disputes. However, the ripeness doctrine is primarily bottomed on the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170.)

### 3. Accrual of a Cause of Action

As a general rule, a lawsuit commenced before a cause of action has accrued is premature and cannot be maintained. (1A C.J.S. (2020) Actions, § 296.) Consistent with this general rule, Code of Civil Procedure section 312 states that civil actions "can only be commenced within the periods prescribed in this title, *after the cause of action shall have accrued ….*" (Italics added.) A cause of action has accrued when it is complete with all of its elements. (*Fox v. Ethicon Endo-Surgery* (2005) 35 Cal.4th 797, 806.) In generic terms, the elements of a cause of action are "wrongdoing, causation and harm." (*Id.* at p. 807.)

12.

In this case, the allegations in the FAC do not set forth any wrongdoing by Mercy Hospital. The recommendation by the medical executive committee that Bichai's reapplication be denied might have been part of a conspiracy to retaliate against Bichai in violation of section 1278.5, but the act of making that recommendation was done by a separate legal entity, not Mercy Hospital. Consequently, Bichai's causes of action for unfair competition and conspiracy to retaliate have not yet accrued against Mercy Hospital. As a result, the trial court properly sustained Mercy Hospital's demurrer.

We have reviewed *Armin*, *supra*, 5 Cal.App.5th 810. It does not mention *Queen of Angels* and does not address the separate-legal-entity argument raised by Mercy Hospital in this appeal. It is well established that "an opinion is not authority for a proposition not therein considered." (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2.) Under this principle, we reject Bichai's argument and will not equate alleged wrongdoing by its Medical Staff with wrongdoing by Mercy Hospital for purposes of Bichai's claims alleging conspiracy and unfair competition.

D.     Leave to Amend

Bichai contends the trial court erred by failing to give him leave to file a second amended complaint that would have added an aiding and abetting claim against Mercy Hospital. Bichai interprets the record to mean that the trial court denied him leave to file an amended pleading with such a claim. In response, Mercy Hospital contends Bichai is profoundly off point because the trial court actually granted leave to amend.

The trial court's minute order stated: "The Demurrer to the FAC is sustained for failure to state facts sufficient to constitute a claim against Mercy Hospital. [Bichai] is hereby given leave to file a Second Amended Complaint. [Bichai] may assert additional causes of action against Mercy."

During the September 18, 2018 hearing, the trial court stated it would sustain Mercy Hospital's demurrer for failure to state of cause of action, but would "grant leave

13.

to amend by October 15th. [¶] I'm granting leave to file an amended complaint but my tentative is also to deny [Bichai's] motion for leave to file the proposed second amended complaint because I think the allegations need to change in light of my ruling on the Motion to Strike." Stated another way, because the proposed second amended complaint still asserted causes of action against SJC Hospital that had been stricken, it was not appropriate to file that proposed pleading. Instead, Bichai was given an opportunity to file a second amended complaint that contained no causes of action against SJC Hospital.

Based on the trial court's minute order and the reporter's transcript of the hearing on the demurrer, we conclude Bichai was granted leave to file a second amended complaint against Mercy Hospital that could assert additional causes of action, such as an aiding and abetting claim. Accordingly, we reject Bichai's claim of reversible error asserting he should have been granted leave to amend because he was granted leave to amend.

## DISPOSITION

The judgment is affirmed. Mercy Hospital shall recover its costs on appeal.

Mercy Hospital's motion for judicial notice, filed October 29, 2019, is hereby denied.


FRANSON, Acting P.J.

WE CONCUR:


PEÑA, J.


SMITH, J.


14.

Filed 3/12/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAM N. BICHAI, M.D., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DIGNITY HEALTH et al., <br><br> Defendants and Respondents. | F078658 <br><br> (Super. Ct. No. BCV-18-100629) <br><br> **ORDER MODIFYING OPINION AND GRANTING PUBLICATION REQUESTS [NO CHANGE IN JUDGMENT]** |

THE COURT:

It is ordered that the opinion filed herein on February 25, 2021, be modified as follows:

1.     On page 3, the first sentence of the first paragraph beginning "In May 2017" is deleted and replaced with the following sentence:

In May 2017, the medical executive committee of Mercy Hospital's medical staff (Medical Staff) invited Bichai to be interviewed.

2.     On page 5, delete "Mercy Hospital's" from the first sentence of the first paragraph and replace with the word "the" so the sentence now reads:

On September 25, 2017, the medical executive committee of the Medical Staff voted to recommend the denial of Bichai's reapplication for staff membership.

3.     On page 5, the second to last sentence of the first paragraph beginning "The letter also" is deleted and replaced with the following:

The letter also informed Bichai of his right to challenge the adverse recommendation by requesting a hearing before the Medical Staff's judicial review committee.

4. On page 6, in the last sentence of the first full paragraph beginning "In March 2018" the words "medical staff" should be revised to "Medical Staff."

5. On page 10, the heading "*1. Contentions*" is deleted.

6. On page 11, the heading "*2. Ripeness*" is deleted.

7. On page 12, the heading "*3. Accrual of a Cause of Action*" is deleted.

8. On page 13, in the first full paragraph the following citation is added between the second and third sentences, "(See *Queen of Angels*, *supra*, 62 Cal.App.4th at p. 1130, fn. 2 [hospital and hospital's medical staff are separate legal entities].)" So the paragraph now reads:

> In this case, the allegations in the FAC do not set forth any wrongdoing by Mercy Hospital. The recommendation by the medical executive committee that Bichai's reapplication be denied might have been part of a conspiracy to retaliate against Bichai in violation of section 1278.5, but the act of making that recommendation was done by a separate legal entity, not Mercy Hospital. (See *Queen of Angels*, *supra*, 62 Cal.App.4th at p. 1130, fn. 2 [hospital and hospital's medical staff are separate legal entities].) Consequently, Bichai's causes of action for unfair competition and conspiracy to retaliate have not yet accrued against Mercy Hospital. As a result, the trial court properly sustained Mercy Hospital's demurrer.

9. On page 13, the second paragraph beginning "We have reviewed" is deleted and replaced with the following two paragraphs:

> The reasoning and result in *Armin*, *supra*, 5 Cal.App.5th 810, does not convince us otherwise. In that case, the medical staff of Riverside Community Hospital initiated a peer review proceeding against a brain surgeon, Sean Armin. (*Id.* at pp. 817–818.) During the course of those proceedings, the medical executive committee summarily suspended Armin's privileges at the hospital. (*Id.* at p. 818.) Armin requested a hearing before the judicial review committee. (*Ibid.*) Before that hearing was completed and, therefore, before the hospital's board took final action on Armin's privileges, Armin filed a lawsuit alleging a cause of action under section 1278.5 and causes of action for religious discrimination. (*Armin, supra,* at p. 819.) Armin named the hospital and four individual doctors as defendants. (*Id.* at p. 831.) The

2.

hospital filed an anti-SLAPP motion and demurrers.  (*Id*. at p. 819.)  The superior court granted the anti-SLAPP motion as to the section 1278.5 claim and denied it as to the religious discrimination claims.  (*Armin*, *supra*, at p. 819.)  The court also overruled the demurrer to the religious discrimination claims.  (*Ibid*.)  The appellate court reversed the order granting the anti-SLAPP motion as to the section 1278.5 claim against the hospital and affirmed its denial as to the religious discrimination claims.  (*Armin, supra,* at pp. 836–837.)  The appellate court also concluded "section 1278.5 does *not* allow individual doctors to be sued" and, therefore, affirmed the judgment dismissing the four doctors from the case.  (*Id*. at pp. 831, 835.)

In *Armin*, the court did not mention *Queen of Angels* and did not address the argument that a hospital and its medical staff are two separate legal entities.  It is well established that "an opinion is not authority for a proposition not therein considered."  (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2.)  Accordingly, *Armin* cannot be read as establishing the principle that wrongdoing by a medical staff is wrongdoing by a hospital.  Thus, we reject Bichai's argument to the contrary.

10.     On page 14, the paragraph before the disposition is deleted and replaced with the following:

Based on the trial court's minute order and the reporter's transcript of the hearing on the demurrer, we conclude Bichai was granted leave to file a second amended complaint.  Accordingly, we reject Bichai's claim that the trial court erred by failing to grant him leave to amend.

There is no change in the judgment.

As the nonpublished opinion filed on February 25, 2021, in this matter hereby meets the standards for publication specified in the California Rules of Court, rule 8.1105(c), it is ordered that the opinion be certified for publication in the Official Reports.

FRANSON, Acting P.J.

WE CONCUR:

PEÑA, J.

SMITH, J.

3.